IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNRISE OPERATIONS, LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-04250-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; VACATING HEARING** |

    Before the Court is plaintiff Harvey Smith's Motion, filed October 4, 2022, "for Leave to File Second Amended Complaint." Defendant Sunrise Operations, LLC has filed opposition. Plaintiff has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for November 18, 2022, and rules as follows.

    In the operative complaint, the First Amended Complaint ("FAC"), plaintiff asserts he is entitled to damages based on his allegation that, on November 6, 2020, while working on defendant's vessel, he "was required to move heavy boxes in the rain, when he slipped and fell injuring his back." (See FAC ¶ 3.1.) Plaintiff now seeks to amend to add allegations that, after the above-referenced incident, the vessel arrived at a "dock in China," where he states he was further injured, including by being subjected to "toxic fumes." (See Proposed Second Amended Complaint ¶ 4.4).

    The Court finds, for the reasons stated by defendants (see Def.'s Opp. at 3:3-8:26), leave to amend should be denied. In particular, as set forth in the Court's scheduling order, the deadline to amend was February 1, 2022 (see Pretrial Prep. Order,

1  filed December 3, 2021), and plaintiff has failed to show "good cause" exists to extend
2  the deadline.  See Fed. R. Civ. P. 16(b)(4) (providing "schedule may be modified only for
3  good cause"); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)
4  (holding "'good cause' "means scheduling deadlines cannot be met despite [the moving]
5  party's diligence") (internal quotation and citation omitted).  Further, as defendant points
6  out, it would be prejudiced by the proposed amendment, as the deadlines to complete
7  fact discovery and to designate experts have passed (see Order, filed July 25, 2022;
8  Order, filed August 8, 2022), and, consequently, the addition of new claims would require
9  the reopening of discovery and a continuance of the trial date.  See Wong v. Regents of
10 the Univ. of California, 410 F.3d 1052, 1062 (9th Cir.2005) (holding "[d]isruption to the
11 schedule of the court ... is not harmless"); Lockheed Martin Corp. v. Network Solutions,
12 Inc., 194 F.3d 980, 986 (9th Cir.1999) (holding "need to reopen discovery and therefore
13 delay the proceedings supports a district court's finding of prejudice from a delayed
14 motion to amend the complaint").

   Accordingly, the motion for leave to amend is hereby DENIED.

   **IT IS SO ORDERED.**

Dated: November 7, 2022

MAXINE M. CHESNEY
United States District Judge