UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HARVEY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>M/V HORIZON SPIRIT, et al.,<br><br>    Defendants. | Case No. 21-cv-04250-MMC (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF Nos. 108, 113, 120 |

The parties have raised several discovery disputes. The court held a hearing on February 14, 2023, and rules as follows. First, the plaintiff's motion for sanctions may be noticed on the ordinary five-week schedule by a one-page notice that cross-references the earlier-filed motion. Second, the court orders a process for the plaintiff to obtain some (but not all) of the discovery: in part due to the February 27 trial date, the court does not allow new experts or a search of Captain Kluck's personal email account.

First, the plaintiff filed a motion for sanctions under Federal Rule of Civil Procedure 37 based on the discovery issues.[1] Because of the short timeline before trial, the parties raised the discovery issues in a separate joint discovery letter. For the remaining Rule 37 sanctions motion, the

---

[1] Mot. for Sanctions – ECF No. 108. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-04250-MMC (LB)

district's local rules apply the ordinary five-week motion schedule. N.D. Cal. Civ. L.R. 7-2, 7-8, 37-4. At the February 14 hearing, the plaintiff agreed to defer the sanctions motion until after the trial. The court thus terminates the current motion. The plaintiff may notice it for a hearing by filing a one-page notice that cross-references the earlier-filed motion and notices the motion for any available Thursday at 9:30 a.m. at least five weeks after the notice. The opposition will be due two weeks later, and the reply will be due one week after that.

Second, the plaintiff asks to reopen discovery in light of new documents that the defendant produced recently.[2] (The trial court referred the issue of reopening discovery to the undersigned.[3]) The court ordered those documents to be produced on November 18, 2022, after the plaintiff filed a motion to compel shortly after the close of fact discovery.[4] N.D. Cal. Civ. L.R. 37-3 (allowing a motion to compel within seven days of the close of fact discovery). The defendant contends that the plaintiff has not been diligent: the plaintiff initially served the discovery requests in question on December 23, 2021, he received the defendant's response on January 31, 2022, and he did not raise the issue with the court until November 3, 2022, shortly after fact discovery closed.[5]

Because fact discovery has closed, it may be reopened "only for good cause." Fed. R. Civ. P. 16(b)(4); *see Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). "Although the existence or degree of prejudice to the party opposing the modification" is relevant to the good-cause inquiry, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In particular, the court "primarily considers the diligence of the party seeking amendment." *Lawrence v. City & Cnty. of San Francisco*, No. 14-cv-00820-MEJ, 2016 WL 3254232, at *2 (N.D. Cal. June 14, 2016) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). "Where the moving

---

[2] Joint Disc. Letter Br. – ECF No. 113 at 1–3; Mot. to Reopen Disc. – ECF No. 105 (motion superseded by joint discovery letter).

[3] Order – ECF No. 107.

[4] Order – ECF No. 56.

[5] Joint Disc. Letter Br. – ECF No. 113 at 4.

party has not been diligent, the inquiry ends and the motion should be denied." *Id.* (citing *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).

Here, the plaintiff was reasonably diligent because he filed a motion to compel within seven days of the close of fact discovery, the discovery he now seeks is relevant to his prior document requests (and he relied on the defendant's representations that it had produced all relevant documents), and the need for the new discovery was revealed only by the defendant's productions after the close of fact discovery. Thus, there is good cause to reopen discovery. *Techsavies, LLC v. WDFA Mktg. Inc.*, No. C10-1213 BZ, 2011 WL 723983, at *3 (N.D. Cal. Feb. 23, 2011) ("[S]ubstantial document production after the close of discovery frequently requires the adjustment of the pretrial and trial schedule to allow the receiving party an opportunity to address the late production.").

The issue then is what discovery should be allowed between now and the start of trial on February 27, 2023. After the hearing, the plaintiff submitted a letter brief with proposals, the defendant responded, and the plaintiff replied.[6]

First, the plaintiff seeks additional deposition testimony (in light of the defendant's recent productions) from four fact witnesses: Captain Kluck, Tia Anthony, Ed Washburn, and Greg Johnson. The plaintiff agreed that cross-examining witnesses at trial would resolve the issue and that deposition testimony would resolve the issue for witnesses who will testify by deposition.[7] The defendant offered to produce Captain Kluck and either Mr. Washburn or Mr. Johnson at trial and to make Ms. Anthony (a resident of North Carolina) available for a one-hour remote deposition next week.[8] The court mostly adopts the defendant's proposal: (1) Captain Kluck will testify at trial, (2) either Mr. Washburn or Mr. Johnson will testify at trial, and (3) if Ms. Anthony does not testify in person, then the plaintiff may depose her next week for up to four hours.

---

[6] Disc. Letter Br. – ECF No. 120; Resp. – ECF No. 121; Reply – ECF No. 122.

[7] Disc. Letter Br. – ECF No. 120 at 2.

[8] Resp. – ECF No. 121 at 2.

Second, the plaintiff wants to designate Jeremy Bauer as an expert on physics and biomechanics because on January 23, 2023, the defendant produced a conditional survey report that was prepared shortly after the plaintiff's alleged injury, concerns changes made to the ship's deck after the injury, and is relevant to the deck's condition at the time of the injury.[9] (The report is responsive to the plaintiff's request for production forty-two, which asked for "any documents showing that there was construction or changes to the area where the injury occurred."[10])

The defendant responds that the plaintiff's expert, Joseph Derie, testified on January 26, 2023, that "he is qualified to evaluate and opine on the condition of the deck, the properties of corrosion, how [those properties] would cause the incident, and accident recreation," he already saw the photographs in the conditional survey report, and the photographs did not affect his opinions. The defendant further contends that the plaintiff's proposed new expert, Dr. Bauer, does not have a physics degree and that the parties (at this point) have about a week for (1) Dr. Bauer to prepare a report (n.b.: the substance of opinion is in his declarations), (2) the defendant's as-yet-unidentified rebuttal expert to prepare a rebuttal report, and (3) both experts to be deposed.[11] Also, presumably, the plaintiff would need to obtain high-resolution versions of the photographs in the survey report (discussed below) before Dr. Bauer could update the opinions in his declarations.

In his reply, the plaintiff said that if the defendant agrees not to contest the qualifications of Mr. Derie, the plaintiff need not designate a new expert.[12] The defendant has a pending motion in limine to exclude Mr. Derie, including on the ground that he is not qualified because he has never served "in any capacity as crew aboard U.S. flagged cargo ships."[13] This issue is for the trial court.

---

[9] Disc. Letter Br. – ECF No. 120 at 2; Safinah Group Conditional Survey Report – ECF No. 105-5; Bauer Decl. – ECF No. 120-1 at 2 (¶ 6) (proposed expert declares that "had [he] been provided with [the conditional survey report], [he] would have been able to do a significant amount of analysis with regards to the safety properties of the bridge deck at issue in this matter").

[10] Disc. Letter Br. – ECF No. 120 at 2 n.2.

[11] Resp. – ECF No. 121 at 2.

[12] Reply – ECF No. 122 at 2.

[13] Mot. in Limine – ECF No. 104.

ORDER – No. 21-cv-04250-MMC (LB)　　　　　4

This is a tough call. If the trial were later, then the court (depending on the in limine motion regarding Mr. Derie) might allow the plaintiff to designate Dr. Bauer as an expert: the survey report is relevant to the plaintiff's request for production forty-two, Dr. Bauer is a forensic photographer who can "do a significant amount of analysis with regards to the safety properties of the bridge deck" based on the report, and Dr. Bauer's biomechanics degrees "emphasize the application of math, physics, and engineering to biological movement and forces."[14] The plaintiff already provided information (first as an attachment to the sanctions motion and then in the form of a declaration in its February 14 filing) about his training and opinions.[15] The court would have allowed the defendant to supplement its expert report or designate a rebuttal expert and the parties to take depositions of up to two hours for each expert.

The problem is that Dr. Bauer will need to update his opinions after the plaintiff obtains the higher-quality photographs. (At the hearing, the plaintiff asked to serve a third-party subpoena on UK firm Safinah Group, which produced the conditional survey report, to obtain high-quality versions of the photographs Safinah took of the ship after the plaintiff's injury.[16] The court allows a subpoena for the photographs.) And then the defendant would have to respond. The court cannot see how this can be accomplished in the few days before trial. Deciding otherwise treads into trial administration, which is beyond the scope of discovery.

But because the survey report and photographs are relevant, the existing experts may supplement their trial testimony with any opinions about them and must provide a supplemental declaration within three business days (meaning by Thursday, February 23) with any new information. On Friday, February 24, the parties may take supplemental depositions of the existing experts for up to two hours if necessary. That is the best that the court can do this close to trial.

Third, the plaintiff seeks emails from Captain Kluck's gmail account within the date range November 7, 2020, to January 20, 2021, that are relevant to the court's prior discovery order (ECF

---

[14] Bauer Decl. – ECF No. 120-1 at 1–2 (¶¶ 2, 6, 8–9).

[15] Bauer Decl. & Exs. – ECF No. 108-9; Bauer Decl. – ECF No. 120-1.

[16] Safinah Group Conditional Survey Report – ECF No. 105-5 (showing the photographs).

No. 56) or the plaintiff's requests for production three, eight, or forty-two.[17] The defendant counters that the request invades Captain Kluck's privacy, and the plaintiff could have acted earlier because he learned of Captain Kluck's use of his personal email for business in September 2022.[18] The emails are relevant but the issue could have been raised earlier. The plaintiff can pursue the issue through cross-examination of Captain Kluck at trial. The court denies the late request for discovery.

This disposes of ECF Nos. 108, 113, and 120.

**IT IS SO ORDERED.**

Dated: February 19, 2023

LAUREL BEELER
United States Magistrate Judge

---

[17] Disc. Letter Br. – ECF No. 120 at 2.

[18] Resp. – ECF No. 121 at 3.