IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M/V HORIZON SPIRIT, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-04250-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT OR FOR NEW TRIAL** |

Before the Court is plaintiff Harvey Smith's ("Smith") "Motion to Alter the Judgment and Motion for New Trial," filed April 7, 2023. Defendant Sunrise Operations, LLC ("Sunrise") has filed opposition, to which Smith has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**A. Motion to Alter Judgment Pursuant to Rule 59(e) of Federal Rules of Civil Procedure**

In the instant action, Smith asserts that, as a member of the crew of a Sunrise vessel, the Horizon Spirit, he injured his back while moving crates at the direction of Christopher Kluck, the ship's captain. On March 9, 2023, the jury returned its verdict, wherein the jury found that Sunrise was negligent, that Sunrise's negligence was a cause of Smith's injury, that Smith had not been ordered to perform the task that resulted in his injury, that Smith was negligent, that Smith's negligence was a cause of his injuries, that Smith was 95% at fault and Sunrise was 5% at fault, and that Smith's total damages were $7,620,000. On March 10, 2023, the Clerk of Court, consistent with the jury's findings,

---

[1] By order filed May 9, 2023, the Court took the matter under submission.

1  entered judgment in favor of Smith and against defendant Sunrise in the amount of
2  $381,000.
3     By the instant motion, Smith seeks, pursuant to Rule 59(e), an order altering the
4  judgment, specifically, an order setting aside the jury's finding of contributory negligence,
5  which finding, in turn, was dependent on its finding that Smith was not ordered to perform
6  the task resulting in his injury. See Simeonoff v. Hiner, 249 F.3d 883, 890 (9th Cir. 2001)
7  (holding "a seaman may not be held contributorily negligent for carrying out orders that
8  result in injury").
9     "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the
10 motion is necessary to correct manifest errors of law or fact upon which the judgment is
11 based; 2) the moving party presents newly discovered or previously unavailable
12 evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an
13 intervening change in controlling law." Turner v. Burlington Northern Santa Fe. R.R. Co.,
14 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and citation omitted).
15    Here, contrary to Smith's argument, the record does not support alteration of the
16 jury's finding that he was not ordered to perform the task resulting in his injury. As
17 Sunrise points out, it submitted evidence that the statement made to Smith by Captain
18 Kluck was not an order. In particular, Sunrise points to Captain Kluck's testimony that it
19 is his practice to "request" rather than order crew members to perform tasks, as well as
20 his testimony, when asked by counsel whether Smith had the "option of saying no," that
21 Smith could have said "anything reasonable," including that he wanted to "go get
22 something" or "do something different" (see, e.g., Transcript of Trial Proceedings ("Trial
23 Tr.") 1212:12-1213:15 (emphasis added)); additionally, Sunrise points to Captain Nikolai
24 Sinkevich's expert testimony that a superior has the option of "asking" crew members to
25 perform tasks instead of "ordering" them to do so (see Trial Tr. 1324:7-1325:20)).
26    Although Smith argues that the Court should, in essence, treat requests by
27 superior officers as the equivalent of orders, the Ninth Circuit has clearly recognized a
28 distinction between those two types of statements. See Simeonoff, 249 F.3d at 891 n.4

1  (explaining, "[w]hen a seaman completes an ordinary task, even if requested by a
2  superior, contributory negligence may mitigate damages if an injured seaman had
3  alternatives available, and chose the unreasonable course in completing the task").[2]
4  Accordingly, Smith's motion to alter the judgment will be denied.

**B. Motion for New Trial Pursuant to Rule 59(a)**

In the alternative, Smith asserts he is, at a minimum, entitled to a new trial, given Smith's conflicting, and according to Smith, stronger, testimony that he was ordered to perform the task in question. Additionally, he contends, the Court erred in not admitting a report about the condition of the vessel and in admitting two weather reports. Smith's arguments, however, are not persuasive.

**1. Captain Kluck's Testimony**

A court may grant a new trial if it finds "the verdict is against the clear weight of the evidence." See Landes Construction Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir. 1987). It is well established, however, that "[c]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." See Tennant v. Peoria & P.U. Ry. Co., 321 U.S. 29, 35 (1944). Rather, "the trial court must have a firm conviction that the jury has made a mistake." See Landes Construction, 833 F.2d at 1372.

Here, Sunrise, as discussed above, offered evidence that Captain Kluck's statement was not an order. Although, as Smith points out, Captain Kluck did not remember the exact words he used when speaking to Smith, he testified with considerable assurance that, in conformity with his usual practice, he "wouldn't" have

---

[2] The Court, however, finds unpersuasive Sunrise's additional argument that Captain Kluck's statement was not an "order" because Smith, "even if 'ordered' to perform the task," had the right, under Sunrise's practices, to "stop work" if he thought the task was "unsafe." (See Def.'s Opp. at 5:8-10.) As the Ninth Circuit has held, a seaman who is injured when complying with an "order" may not be held contributorily negligent "even if the seaman recognizes possible danger and does not delay to consider a safer alternative." See Simeonoff, 249 F.3d at 890.

3

1  ordered Smith to perform the subject task and, in addition, went on to explain his reasons
2  for that practice. (See Trial Tr. 1212:18-1213:9); see also Fed. R. Evid. 406 (providing
3  "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion
4  the person . . . acted in accordance with the habit"); see, e.g., In re Charles, 95 Cal. App.
5  3d 62, 65-66 (1979) (holding substantial evidence supported finding that accused
6  committed burglary of automobile, where trier of fact "could have properly concluded
7  beyond a reasonable doubt" vehicle was locked, based on testimony by vehicle owner
8  that, although he could not recall if he locked his vehicle on the "particular day," he had "a
9  habit of locking [his] car" because "there are a lot of thefts").

Moreover, an assessment of conflicting testimony is not based solely on the words used by the witnesses, but also on a wide variety of factors, including the manner in which the testimony was delivered. (See, e.g., Jury Instructions, Doc. No. 151 at 6 (listing, among factors that may be taken into account when determining credibility of witnesses, "the witness's manner while testifying")); see also Charles, 95 Cal. App. 3d at 67 (noting "the strength or weakness of a witness often depends on that witness' tone of voice and demeanor").

Here, the Court, having reviewed and considered all of the evidence bearing on the issue, concludes Smith has failed to show the jury "made a mistake." See Landes, 833 F.3d at 1372.

**2. Conditional Survey Report**

Smith next argues the Court erred in finding inadmissible a Conditional Survey Report he sought to have admitted.

A motion for new trial may be granted where there was an "erroneous evidentiary ruling" that "substantially prejudiced a party." See Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995) (internal quotation and citation omitted).

Contrary to Smith's argument, however, the Court did not err in making the above-referenced ruling, as Smith failed to call any witness who could lay a foundation for the Report's admissibility as a business record or under any other exception to the hearsay

4

1  rule, or that the photographs in the Report depicted the condition of the decking at or
2  near the place and time of Smith's accident.  To the extent Smith argues he was
3  effectively precluded from calling such a witness in light of a pretrial order, namely, an
4  order denying his motion to designate an additional expert after the close of expert
5  discovery, that order was issued by the magistrate judge to whom pretrial discovery
6  disputes were referred (see Doc. No. 123, filed February 19, 2023), and, as no objection
7  to the order was made, Smith's challenge thereto is procedurally barred.  See Fed. R.
8  Civ. P. 72(a) (providing "[a] party may serve and file objections to [a magistrate judge's
9  non-dispositive] order within 14 days after being served with a copy" and "may not assign
10 as error a defect in the order that is not timely objected to").

### 3. Weather Reports

Lastly, Smith argues the Court erred in allowing Sunrise, in its case-in chief, to introduce, pursuant to Rule 807 of the Federal Rules of Evidence, written weather reports containing data and satellite imagery showing that, at and around the time of Smith's injury, there was a lack of rain in the geographic area in which the vessel was anchored.[3]  In particular, Smith argues, he was entitled to pretrial notice of Sunrise's intent to use that evidence.  As set forth below, the Court disagrees.

To support his assertion that the deck surface was unsafe, Smith testified at his deposition that "it had been raining the entire evening" and during his "entire watch." (See Trial Tr. 1460:4-5, 1462:15-16 (reading deposition testimony into record).)  In light thereof, Sunrise was prepared to, and did, impeach Smith's deposition testimony with Smith's own conflicting log entries that stated it was "clear with good visibility" on the

---

[3] Initially, Sunrise, based on the weather reports, filed a motion requesting the Court take judicial notice of the weather in the relevant area at the relevant time (see Def.'s Req. for Judicial Notice, filed March 3, 2023), which motion the Court granted (see Trial Tr. 1249:15-16, 1278:10-12, Civil Trial Minutes, March 7, 2023, at 3), but, in lieu of advising the jury that, on and around the date of Smith's injury, the weather was clear in the area in which the vessel was anchored, and thereby potentially influencing unduly the jury's findings, the Court considered it preferable to admit the weather reports under Rule 807.

evening in question (see Trial Tr. 599:6-19), as well as with evidence that no other crew member who made a log entry that evening wrote "rain, drizzle, squalls, [or] anything like that" (see Tr. Trial 600:13-16). It was not until the trial that Smith endeavored to explain those inconsistencies by testifying the rain was intermittent and that the log entries pertained to a limited point in time. (See Tr. Trial 602:1-4 (testifying that "[e]very 20 minutes a rain squall will go by, and you can't log it every single time").)

Under such circumstances, and contrary to Smith's argument, Smith was not entitled to pretrial notice of Sunrise's intent to use weather reports to show the lack of squalls, in that Sunrise had no reason to anticipate the testimony Smith offered at trial regarding intermittent weather conditions. See Fed. R. Evid. 807(b) (requiring notice of intent to offer document under Rule 807(a) "be provided in writing before the trial," but further stating court may, "for good cause, excuse[ ] a lack of earlier notice").[4] Further, to the extent Smith argues he should have been confronted with the weather reports during his cross-examination because, according to Smith, his counsel "would have had the opportunity to ask [Smith] about them on re-direct" (see Pl.'s Mot. 22:20-22), Smith cites no rule, either evidentiary or procedural, that required such immediate confrontation, and, in any event, Smith had the opportunity to address the weather reports on rebuttal but declined to offer any evidence after the close of Sunrise's case (see Trial Tr. 1534:9-12).

## CONCLUSION

For the reasons stated above, Smith's motion to alter the judgment or for a new trial is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 21, 2023

MAXINE M. CHESNEY
United States District Judge

---

[4] For purposes of the instant motion, Smith "assume[s]" without "conceding" the weather reports were "trustworthy and probative as Rule 807(a) requires." (See Pl.'s Mot. at 19:5-6.)